IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVINO W. GRAHAM** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES SENTENCING** | : | NO. 16-3583 |
| **COMMISSION** | : | |

FILED
JUL 1 4 2016
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

STENGEL, J.                                                          JULY 14, 2016

Plaintiff Kevino W. Graham, a prisoner incarcerated at the Federal Detention Center in Philadelphia, brings this civil action against the United States Sentencing Commission for alleged violations of his constitutional rights. He seeks leave to proceed *in forma pauperis*. The Court will grant Graham leave to proceed *in forma pauperis* and dismiss his complaint.

### 1. FACTS

According to the public docket for the criminal proceeding underlying Graham's claims, Graham was convicted of sex trafficking by force, in violation of 18 U.S.C. § 1591, and aiding and abetting sex trafficking, in violation of 18 U.S.C. § 1594. *See United States v. Graham*, Crim. A. No. 14-623-1 (E.D. Pa.). He has not yet been sentenced. In his complaint, Graham essentially challenges the Sentencing Guidelines that will apply to his case, U.S.S.G. § 2G1.1. He alleges that § 2G1.1 is unconstitutional because the Sentencing Commission relied on the Adam Walsh Child Protection and Safety Act, which concerned children, in crafting the Guidelines pertaining to sex trafficking of adults. In that regard, he alleges that the Sentencing Commission violated his rights by "creation of the nonexistent offense of sex trafficking of an adult by force, fraud, or coercion under 1591(b)(1)." (Compl. ¶ 10.) Graham seeks a declaration that his rights have been violated and two million dollars in damages.

1

## II. STANDARD OF REVIEW

The Court will grant Graham's motion to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this lawsuit.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the complaint if it is frivolous, among other things. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Graham is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

There is no legal basis for Graham's constitutional claims against the Sentencing Commission. Although *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) creates a damages remedy against individual federal agents for certain constitutional violations, it does not support a cause of action against the federal government itself or the Sentencing Commission. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (explaining that *Bivens* "is concerned solely with deterring the unconstitutional acts of individual officers"); *Rivera v. Saris*, 130 F. Supp. 3d 397, 401 (D.D.C. 2015) ("[A] *Bivens* claim cannot be brought against the Commission itself."). Furthermore, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."[2] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Court cannot find any basis for concluding that sovereign immunity has been waived here.

---

[1] However, as Graham is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prisoner Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[2] The Sentencing Commission is "an independent commission in the judicial branch of the United States," rather than an agency. 28 U.S.C. § 991. However, it still may not be sued absent a waiver of sovereign immunity.

2

Indeed, courts addressing the issue have held that, in creating the Sentencing Commission, Congress did not waive sovereign immunity for claims challenging the constitutionality of provisions of the Sentencing Guidelines. *See Morris v. U.S. Sentencing Comm'n*, 62 F. Supp. 3d 67, 73-74 & 76 (D.D.C. 2014) (holding that the federal government did not waive immunity for constitutional claims for damages and declaratory judgment challenging guidelines promulgated by the Sentencing Commission); *see also Rivera*, 130 F. Supp. 3d at 401-02 (no basis for claims against Sentencing Commission challenging the guidelines under *Bivens* or Declaratory Judgment Act).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint as legally baseless. Graham will not be given leave to amend because amendment would be futile.[3] In the event Graham seeks to challenge the constitutionality of the Sentencing Guidelines that govern his criminal conduct, he should do so in his criminal case. An appropriate order follows, which shall be docketed separately.

---

[3] Before the Court could address Graham's initial complaint, Graham filed a motion for leave to file an amended complaint to sue the Sentencing Commission in its individual and official capacities. His amendment does not cure the deficiencies in his complaint because the Sentencing Commission may not be sued in any capacity. To the extent he intended to name individual commissioners of the Sentencing Commission as defendants in this action, those individuals are entitled to immunity from plaintiff's claims. *Rivera*, 130 F. Supp. 3d at 402.